NS:JRS/MWG
F. #2019R00447

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------X

UNITED STATES OF AMERICA

   - against -

JOHN MARTIN,
   also known as "Lil John" and
   "LJ,"
BRANDON DANIELS,

COREY MOBLEY,

               Defendants.

------------------------------X

1:19-cr-00221(RJD)(SJB)

SUPERSEDING
INDICTMENT

Cr. No. 19-221 (S-3) (RJD)
(T. 18, U.S.C., §§ 924(c)(1)(A)(i),
924(c)(1)(A)(ii), 924(d)(1),
981(a)(1)(C), 1951(a), 2 and 3551 et
seq.; T. 21, U.S.C., §§ 841(a)(1),
841(b)(1)(B)(ii)(II), 846, 853(a) and
853(p); T. 28, U.S.C., § 2461(c))

THE GRAND JURY CHARGES:

## COUNT ONE
(Hobbs Act Robbery Conspiracy)

1.    In or about and between March 2019 and May 2019, within the Eastern District of New York and elsewhere, the defendants JOHN MARTIN, also known as "Lil John" and "LJ," BRANDON DANIELS, ████████████████ and COREY MOBLEY, together with others, did knowingly and intentionally conspire to obstruct, delay and affect commerce, and the movement of articles and commodities in commerce, by robbery, to wit: the robbery of

commercial proceeds and narcotics trafficking proceeds from individuals in Queens County, New York, Richmond County, New York, Suffolk County, New York, and New Jersey.

(Title 18, United States Code, Sections 1951(a) and 3551 et seq.)

COUNT TWO
(Committing and Threatening to Commit Physical Violence
in Furtherance of a Plan to Commit Robbery)

2. On or about May 4, 2019, within the Eastern District of New York, the defendants JOHN MARTIN, also known as "Lil John" and "LJ," BRANDON DANIELS, ███████████ and COREY MOBLEY, together with others, did knowingly and intentionally commit and threaten physical violence to one or more persons whose identities are known to the Grand Jury inside a residence in Queens, New York (the "Residence"), in furtherance of a plan and purpose to obstruct, delay and affect commerce, and the movement of articles and commodities in commerce, by robbery, to wit: a plan and purpose to obtain commercial proceeds and narcotics trafficking proceeds from persons inside the Residence by robbery.

(Title 18, United States Code, Sections 1951(a), 2 and 3551 et seq.)

COUNT THREE
(Possessing and Brandishing Firearms During a Crime of Violence)

3. On or about May 4, 2019, within the Eastern District of New York, the defendants JOHN MARTIN, also known as "Lil John" and "LJ," BRANDON DANIELS, ███████████ and COREY MOBLEY, together with others, did knowingly and intentionally use and carry one or more firearms during and in relation to a crime of violence, to wit: the crime charged in

Count Two, and did knowingly and intentionally possess such firearms in furtherance of said crime of violence, one or more of which firearms were brandished.

(Title 18, United States Code, Sections 924(c)(1)(A)(i), 924(c)(1)(A)(ii), 2 and 3551 et seq.)

## COUNT FOUR
(Hobbs Act Robbery Conspiracy)

4. In or about March 2019, within the Eastern District of New York and elsewhere, the defendant COREY MOBLEY, together with others, did knowingly and intentionally conspire to obstruct, delay and affect commerce, and the movement of articles and commodities in commerce, by robbery, to wit: the robbery of John Doe, an individual whose identity is known to the Grand Jury, a narcotics trafficker, in Brooklyn, New York.

(Title 18, United States Code, Sections 1951(a) and 3551 et seq.)

## COUNT FIVE
(Hobbs Act Robbery)

5. On or about March 2, 2019, within the Eastern District of New York, the defendant COREY MOBLEY, together with others, did knowingly and intentionally obstruct, delay and affect commerce, and the movement of articles and commodities in commerce, by robbery, to wit: the robbery of John Doe in Brooklyn, New York.

(Title 18, United States Code, Sections 1951(a), 2 and 3551 et seq.)

## COUNT SIX
(Conspiracy to Distribute and Possess with Intent to Distribute Cocaine)

6. In or about March 2019, within the Eastern District of New York and elsewhere, the defendant COREY MOBLEY, together with others, did knowingly and intentionally conspire to distribute and possess with intent to distribute a controlled

substance, which offense involved a substance containing cocaine, a Schedule II controlled substance, contrary to Title 21, United States Code, Section 841(a)(1). The amount of cocaine involved in the conspiracy attributable to the defendant as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him, was 500 grams or more of a substance containing cocaine.

(Title 21, United States Code, Sections 846 and 841(b)(1)(B)(ii)(II); Title 18, United States Code, Sections 3551 et seq.)

## COUNT SEVEN
(Possession with Intent to Distribute Cocaine)

7. On or about March 2, 2019, within the Eastern District of New York and elsewhere, the defendant COREY MOBLEY, together with others, did knowingly and intentionally possess with intent to distribute a controlled substance, which offense involved 500 grams or more of a substance containing cocaine, a Schedule II controlled substance.

(Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B)(ii)(II); Title 18, United States Code, Sections 2 and 3551 et seq.)

## COUNT EIGHT
(Possessing and Brandishing Firearms During a Crime of Violence and Drug Trafficking Crimes)

8. On or about March 2, 2019, within the Eastern District of New York and elsewhere, the defendant COREY MOBLEY, together with others, did knowingly and intentionally use and carry one or more firearms during and in relation to a crime of violence, to wit: the crime charged in Count Five, and one or more drug trafficking crimes, to wit: the crimes charged in Counts Six and Seven, and did knowingly and intentionally possess such

firearms in furtherance of said crime of violence and drug trafficking crimes, one or more of which firearms were brandished.

(Title 18, United States Code, Sections 924(c)(1)(A)(i), 924(c)(1)(A)(ii), 2 and 3551 et seq.)

## CRIMINAL FORFEITURE ALLEGATION AS TO COUNTS ONE, TWO, FOUR AND FIVE

9. The United States hereby gives notice to the defendants charged in Counts One, Two, Four and Five that, upon their conviction of any such offenses, the government will seek forfeiture in accordance with: (a) Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), which require any person convicted of such offenses to forfeit any property, real or personal, constituting or derived from proceeds obtained directly or indirectly as a result of such offenses; and (b) Title 18, United States Code, Section 924(d)(1) and Title 28, United States Code, Section 2461(c), which require the forfeiture of any firearm or ammunition involved in or used in any violation of any criminal law of the United States, including but not limited to the following: (i) the following property seized on or about March 18, 2019 in Ridgefield, New Jersey: one black Samsung cell phone model SM-JM1327T1 with IMEI number 355603/08/639090/5; one white Samsung cell phone model SM-G360T with IMEI number 359135/06/617043/3 and serial number R28GB2NGVIN; one Hopkins & Allen 38 Rimfire caliber single action revolver, Model XL, no. 5 with serial number 3743; and ammunition; (ii) approximately three thousand eight hundred dollars and zero cents ($3,800.00) in United States currency, seized on or about March 28, 2019 in Ridgefield, New Jersey; and (iii) approximately seven

hundred fifty one dollars and twenty cents ($751.20) in United States currency, seized on or about May 8, 2019 in Brooklyn, New York.

10. If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

    (a) cannot be located upon the exercise of due diligence;

    (b) has been transferred or sold to, or deposited with, a third party;

    (c) has been placed beyond the jurisdiction of the court;

    (d) has been substantially diminished in value; or

    (e) has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendants up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Sections 924(d)(1) and 981(a)(1)(C); Title 21, United States Code, Section 853(p); Title 28, United States Code, Section 2461(c))

## CRIMINAL FORFEITURE ALLEGATION
## AS TO COUNTS THREE AND EIGHT

11. The United States hereby gives notice to the defendants charged in Counts Three and Eight that, upon their conviction of either such offense, the government will seek forfeiture in accordance with Title 18, United States Code, Section 924(d)(1) and Title 28, United States Code, Section 2461(c), which require the forfeiture of any firearm or ammunition involved in or used in any knowing violation of Title 18, United States Code, Section 924, including but not limited to the following property seized on or about March 18, 2019 in Ridgefield, New Jersey: one Hopkins & Allen 38 Rimfire caliber single action revolver, Model XL, no. 5 with serial number 3743; and ammunition.

12. If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

    (a) cannot be located upon the exercise of due diligence;

    (b) has been transferred or sold to, or deposited with, a third party;

    (c) has been placed beyond the jurisdiction of the court;

    (d) has been substantially diminished in value; or

    (e) has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendants up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Section 924(d)(1); Title 21, United States Code, Section 853(p); Title 28, United States Code, Section 2461(c))

## CRIMINAL FORFEITURE ALLEGATION AS TO COUNTS SIX AND SEVEN

13. The United States hereby gives notice to the defendant charged in Counts Six and Seven that, upon his conviction of either such offense, the government will seek forfeiture in accordance with Title 21, United States Code, Section 853(a), which requires any person convicted of such offenses to forfeit: (a) any property constituting, or derived from, any proceeds obtained directly or indirectly as the result of such offense; and (b) any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such offense, including but not limited to the following property seized on or about March 18, 2019 in Ridgefield, New Jersey: one Hopkins & Allen 38 Rimfire caliber single action revolver, Model XL, no. 5 with serial number 3743; ammunition; and body armor.

14. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

    (a) cannot be located upon the exercise of due diligence;

    (b) has been transferred or sold to, or deposited with, a third party;

    (c) has been placed beyond the jurisdiction of the court;

    (d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property described in this forfeiture allegation.

(Title 21, United States Code, Sections 853(a) and 853(p))

A TRUE BILL

_____
FOREPERSON

_____
SETH D. DuCHARME
ACTING UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK