TRULINCS 28104016 - MARTIN, JOHN - Unit: BRO-J-B

FROM: 28104016
TO:
SUBJECT: Judge Dearie
DATE: 12/26/2021 02:16:11 PM

Dear Honorable Dearie: I trust that is well upon receipt of this letter-compliant & motion to vacate my plea. Your Honor, at my previous court session you failed to allow me to place on the record why I wanted to vacate my plea. There are several significant reasons why my plea was not willingfully and intelligently made.

1 - The plea is based upon pre-written terms that my attorney, Mr. Levitt, sought for me to rehearse and state for the record, in which I was not in accordance with in terms of the actual facts that occurred. Your Honor, I never attempted to commit a Hobbs Act Robbery in Nassau or Staten Island. Nor was it foreseeable that I or anyone would have a weapon during these alleged crimes. I simply did not commit these crimes and am 'actually innocent' of any act regarding these two counts within the first count of my indictment.

2 - As for the New Jersey crime in the first count, I simply did not commit that crime, indicated this to my attorney, Mr. Levitt, to investigate this crime to show that I was never identified by any complainant witness or anyone, who may or may not have committed this crime. I can assure you that the government has no evidence on me that I was the actual person who committed this crime or sought any illegal agreement or was instrumental in the outcome of the success of this crime. I indicated to my attorney, Mr. Levitt, to review the photo array(s) that the government has and it will show that I did not commit this crime, not the Staten Island and Nassau crimes. Mr. Levitt failed to thoroughly investigate my case and to show that I had nothing to do with the Staten Island, Nassau, or New Jersey crimes in the first count.

3 - As for the Queens count crime, I expressed to my counsel, Mr. Levitt, that it was not foreseeable, or have I ever known, that any of the co-defendants were in possession of weapon(s), nor did I drive them to or from the scene. I never received any monies from that Little Neck (Queens) count. When I went into the dwelling, your Honor, and opened the door I made it my business to get out of there as quickly as possible. The home video camera will show that I never committed a home invasion; I never robbed, assaulted or burglarized the home, and I never had a weapon on me, ever. I told Mr. Levitt that I wanted to cop out to my limited culpability in trespassing the Little Neck residence, but that I wanted to see the home video surveillance during my sentencing hearing, which was trespassing the Little Neck residence.

4 - Your Honor, once you review the photo arrays of the government's alleged evidence against me on the New Jersey, Nassau, and Staten Island case - you will have a different outcome on this indictment - and it will show that the government has presented no evidence before the Grand Jury in which to indict me. I am 100% sure of this. And for that matter, I refuse to accept a plea where I was under duress and coerced to accept simply for the sake of satisfying the government.

5 - I am only willing to accept what my role was and I will only accept the fact that I trespassed into the residence of the Little Neck residence without permission. I cannot accept a plea of crimes I did not do. My plea was made under coercion and duress.

6 - I understand that you know Mr. Levitt, my assigned attorney for a long time and that he is a great attorney, but he simply "fumbled the ball" on this particular case by not investigating thoroughly regarding the Nassau, Staten Island and Jersey charges. If so, he would have come to the conclusion that I am totally innocent on these counts, and that I had only a minimum role/culpability in terms of my acts on the Little Neck (Queens) charge. Cameras don't lie, but co-conspirators and witnesses do, either out of cooperation deals given to them or to frighten a witness into making a mistaken identification. But I can assure you that there is no complainant witness that can identify me doing any crime on the Queens, Staten Island, New Jersey, or Nassau crimes. The only thing I did on the Queens charge was trespass and I ask you to review the photo arrays and home video surveillance of these charges.

7 - I also ask that you re-assign me an attorney and investigator that does not know Mr. Levitt, so that I can substantiate my innocence and establish that Mr. Levitt was derelict in his duties and performance in failing to investigate my innocence and miscarriage or justice on these four crimes. Thank you, your Honor, and I ask that you grant me a court session, prior to sentencing, so that I can present my issues on record and the Second Circuit would have a finding of fact reason for this court's determination and conclusion of law on all my issues before this court.

John Martin #28104-016
MDC Brooklyn
P.O. Box #329002
Brooklyn, N.Y. 11232

Hon. Raymond J. Dearie
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, N.Y. 11201